# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MARIO L. SIMS, SR.,

Plaintiff,

v.

ALEXIS REVAS, *et al.*,

Defendants.

Case No. 26-cv-02049-BAS-DEB

**ORDER:**

**(1) GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND**

**(2) DISMISSING ACTION UNDER 28 U.S.C. § 1915(e)**

Plaintiff Mario L. Sims, Sr., is self-represented. He filed a sixty-nine-page Complaint against various individuals, media companies, and St. Joseph County, Indiana. (Compl., ECF No. 1.) Plaintiff also filed an Application to Proceed *In Forma Pauperis* ("IFP")—without prepaying the court filing fees or costs. (IFP Appl., ECF No. 2.) For the following reasons, the Court grants Plaintiff's Application to Proceed IFP and dismisses this action because it does not survive screening under 28 U.S.C. § 1915(e)(2)(B).

- 1 -

## I.   BACKGROUND

For many years, Plaintiff has been challenging his 1995 convictions for "burglary, rape, and criminal deviate conduct" in Indiana. *Sims v. Buttigieg*, 168 N.E.3d 1062, 2021 WL 1398171, at *1 (Ind. Ct. App. 2021) (memorandum decision). Plaintiff has "filed numerous lawsuits seeking to establish that the 1995 convictions were the result of an official conspiracy against him," which culminated in the Indiana state courts placing restrictions on Plaintiff's ability to "file another lawsuit regarding the alleged conspiracy." *Id.*

In one such case, *Sims v. Scopelitis*, 797 N.E.2d 348 (Ind. Ct. App. 2003), the Court of Appeals of Indiana noted that "Sims has been involved in at least forty-seven state court appeals." *Id.* at 349 n.2. He has "a penchant for litigation, regardless of the merits of his claims or prior adjudications of competent courts." *Id.* at 352; *see also Sims v. Bryant*, 272 N.E.3d 1022, 2025 WL 3296199, at *3 (Ind. Ct. App. 2025) ("Had Sims properly followed the *Scopelitis* procedure and submitted his proposed complaint to the trial court for pre-filing screening, this frivolous lawsuit would have been resolved before it started."); *Buttigieg*, 2021 WL 1398171, at *3 (holding that the defendants were entitled to dismissal of Plaintiff's lawsuit with prejudice).

This lawsuit, too, concerns Plaintiff's 1995 Indiana convictions. The Complaint's allegations focus on a former St. Joseph County law enforcement officer named Corbett. (Compl. ¶ 20.) Corbett allegedly confessed to a news reporter that he planted evidence in Plaintiff's 1990s criminal case. (*Id.*)

Plaintiff's long-running dispute took a turn, however, when Corbett sued Plaintiff for defamation in Indiana state court. (Compl. ¶ 31.) To defend against the defamation lawsuit, Plaintiff is trying to raise the affirmative defense of truth. (*Id.* ¶ 33.) For support, Plaintiff allegedly needs the deposition testimony of the news reporter who heard Corbett's purported confession regarding Plaintiff's criminal case. (*Id.*) That reporter is now based in San Diego, which leads to this Court's involvement in the dispute. (*See id.* ¶¶ 7, 48.)

In February 2026, the St. Joseph Circuit Court presiding over Corbett's defamation lawsuit allegedly entered an order allowing Plaintiff to conduct the deposition of the news reporter. (Compl. ¶ 45.) Plaintiff claims he then prepared and issued the deposition subpoena. (*Id.* ¶ 48.) Despite Plaintiff allegedly following the discovery rules, the reporter did not show up for her deposition in San Diego. (*Id.* ¶ 50.)

As a result, Plaintiff is attempting to sue the reporter, her counsel, her employer, her employer's counsel, St. Joseph County, and various other Defendants in federal district court. (*See generally* Compl.) The Complaint alleges a conspiracy among the media defendants and their attorneys to prevent the news reporter from testifying at the deposition. (*Id.* ¶¶ 37–38, 43, 45–64.) This conspiracy allegedly extended to violating court orders, committing contempt of court, and engaging in racial discrimination under federal civil rights laws. (*Id.*; *see also id.* ¶ 92.) Plaintiff seeks $18 million in damages, as well as an order finding the news reporter is "in contempt" and must be "brought before the court . . . as requested in the domesticated deposition subpoena." (*Id.* at p. 53–54.) The Court first addresses Plaintiff's IFP Application. The Court then considers whether this lawsuit may proceed.

## II.   Application to Proceed IFP

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the

necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Having read and considered Plaintiff's IFP Application, the Court finds that Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. Plaintiff lists minimal retirement income for him and his spouse. (IFP Appl. ¶ 1.) Plaintiff's household expenses approximate or exceed the listed income. (*Id.* ¶ 8.) As for Plaintiff's liquid assets, the IFP Application identifies only $7.12 in a checking account at Indiana University Credit Union. (*Id.* ¶ 4.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fee would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339. Hence, the Court **GRANTS** Plaintiff's Application for Leave to Proceed IFP.

## III.    SCREENING UNDER 28 U.S.C. § 1915(e)

Because Plaintiff is proceeding IFP, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). *E.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). This law requires the court to review the complaint and dismiss the action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Having reviewed Plaintiff's Complaint, the Court finds it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for two reasons.

### A.    Incorrect Court for Subpoena Enforcement

First, Plaintiff's lawsuit cannot continue because this Court lacks the power to enforce compliance with a state law subpoena. As mentioned, Plaintiff alleges he issued a deposition subpoena under California state law to seek testimony as part of his defense to Corbett's defamation action in Indiana. (Compl. ¶ 37.) California has adopted a model law governing these circumstances known as the Interstate and International Depositions and Discovery Act. *See* Cal. Civ. Proc. Code § 2029.100.

- 4 -

26cv2049

Under California's model law, Plaintiff must submit a copy of the Indiana subpoena to the Clerk of the California Superior Court in the county in which he is seeking discovery—*i.e.*, the Clerk of the San Diego Superior Court. *See* Cal. Civ. Proc. Code § 2029.300(a). If the law's requirements are satisfied, the Clerk of Court for the Superior Court must issue the subpoena on the form approved by the Judicial Council of California. *Id.* Finally, if a dispute arises under this framework, including "any request . . . to enforce . . . a subpoena," that dispute "may be filed in the superior court in the county in which discovery is to be conducted and, if so filed, shall comply with the applicable rules or statutes of this state." *Id.* § 2029.600.

It is unclear whether Plaintiff properly obtained a California deposition subpoena for use in the Indiana defamation action. But even if Plaintiff did so, his request to enforce that subpoena must be presented to the California superior court. *See* Cal. Civ. Proc. Code § 2029.600; *see also Quinn v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 134 Nev. 25, 30 (2018) ("Because the discovery was to take place in California and the deposition subpoenas were issued in California, the California court had jurisdiction over the discovery dispute that ensued between the Quinn Emanuel attorneys and Sinatra."). The result would be the same under federal procedural law because this Court did not issue the subpoena. *See, e.g.*, *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832 (9th Cir. 2011) (noting Federal Rule of Civil Procedure 45 governs subpoenas in federal court, and it is the issuing court that has the power of contempt); *see also Wilber v. Wal Cap. LLC*, No. 2:13-CV-01594-KJD-CVF, 2013 WL 6405039, at *2 (D. Nev. Nov. 27, 2013) ("A plain reading of the Federal Rules of Civil Procedure and Ninth Circuit law indicate that this court does not have jurisdiction to enforce another court's subpoenas.").

In short, because this Court did not issue the subpoena and because this Court lacks the power to enforce it, Plaintiff's claims seeking enforcement of the subpoena fail to state a claim for relief in this Court. They are therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

26cv2049

The Court also exercises its discretion to deny leave to amend on this point. "Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). This test is met here because no amendment can make this Court the proper tribunal to enforce a California state court subpoena arising from an Indiana case. Hence, the Court will dismiss these claims without leave to amend.

### B.      Implausible Federal Claims

Second, this Court's inability to resolve the subpoena dispute underscores the absence of any plausible federal claim against Defendants. Although courts liberally construe self-represented pleadings, the plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Here, the thrust of Plaintiff's lawsuit is that Defendants violated federal civil rights laws by conspiring not to comply with the state law subpoena. (*See generally* Compl.) To illustrate, Plaintiff seeks relief under 42 U.S.C. § 1981 against numerous private individuals and entities. (*See* Compl. ¶¶ 65–72.) Section 1981 prohibits racial discrimination between private actors in "the making, performance, modification, and termination of contracts," including "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). This law "was designed to eradicate blatant deprivations of civil rights, such as where a private offeror refused to extend to an African-American, because he is an African-American, the same opportunity to enter into contracts as he extends to white offerees." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 335–36 (2020) (citation modified) (quoting *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 388 (1982)). To state a

26cv2049

Section 1981 claim against a private defendant, the plaintiff must allege that (1) he is a member of a racial group, (2) some contractual right with defendant was impaired, (3) defendant intentionally discriminated against him based on race, and (4) his race was a but-for cause of the contractual impairment. *See id.* at 341.

Here, the Complaint does not identify any contract between Plaintiff and Defendants. Nor does the Complaint sufficiently allege that Defendants intentionally discriminated against Plaintiff in a contractual relationship. The failure to appear at a deposition does not plausibly implicate Section 1981. *See Comcast Corp.*, 589 U.S. at 333 (holding a Section 1981 "plaintiff bears the burden of showing that race was a but-for cause of its injury"); *see also Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006) (noting that, outside of the employment context, a Section 1981 plaintiff must show he "attempted to contract for certain services" and "was denied the right to contract for those services").[1]

Plaintiff also brings a conspiracy claim under 42 U.S.C. § 1985(3). (Compl. ¶¶ 73–80.) This law is designed to protect individuals "from conspiracies to deprive them of their legally protected rights." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). As the Ninth Circuit explained:

> To bring a cause of action successfully under § 1985(3), a plaintiff must allege and prove four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."

---

[1] Plaintiff's Section 1981 claim against the public defendant—St. Joseph County—is untenable as a matter of law. *See Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. 2023) (en banc) ("Section 1981 establishes substantive rights that a state actor may violate. It does not itself contain a remedy against a state actor for such violations."). Further, to the extent Plaintiff's allegations could be construed as attempting to assert a claim against St. Joseph County through 42 U.S.C. § 1983, the Complaint alleges no facts plausibly showing municipal liability. *See id.*; *see also Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1073–76 (9th Cir. 2016) (en banc) (discussing the requirements for municipal liability for a civil rights violation).

26cv2049

*Id.* (quoting *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983)).

Plaintiff alleges numerous Defendants conspired to prevent compliance with the deposition subpoena and engage in spoliation of evidence relevant to Plaintiff's defamation defense. (Compl. ¶¶ 73–80.) Plaintiff's allegations do not state a plausible claim under Section 1985(3). "These bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim." *See Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 556).

Finally, Plaintiff seeks to bring a claim under 42 U.S.C. § 1986. (*See* Compl. ¶ 75.) "Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Id.* Because Plaintiff does not state a claim under Section 1985, his claim under Section 1986 also must be dismissed. *See id.*; *see also Smith v. Gonzalez*, No. 4:17-CV-05082-MKD, 2017 WL 11552987, at *6 (E.D. Wash. Aug. 15, 2017).

In sum, Plaintiff's federal causes of action are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because they lack plausibility. The Court also finds amendment would be futile for these claims. *See Cervantes*, 656 F.3d at 1041. No amendment can transform the pleaded theory—the failure to appear at a deposition—into a plausible Section 1981 claim absent an alleged contract, contractual impairment, or race-based but-for causation. The same reasoning holds true for the Section 1985(3) claim. Finally, because amending the Section 1981 and Section 1985(3) claims would be futile, the derivative Section 1986 claim cannot be saved by amendment either. Consequently, the Court will dismiss these claims without leave to amend.

\* \* \*

Plaintiff also seeks to bring various state law causes of action (Compl. ¶¶ 81–92), but the Court declines to reach those. There is no independent basis for original jurisdiction

26cv2049

over those claims. Diversity jurisdiction is lacking because Plaintiff and multiple Defendants are citizens of the same state: Indiana. (*See id.* ¶¶ 4–17.) Further, the Court declines to exercise supplemental jurisdiction over the state law claims in light of the federal claims being dismissed. Thus, the Court will dismiss the state law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3); *see also Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1996).

## IV.   CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Application to Proceed IFP. (ECF No. 2.) Further, the Court **DISMISSES** the Complaint under 28 U.S.C. § 1915(e)(2)(B). Specifically, to the extent that Plaintiff is asking a federal court to enforce a subpoena issued under state law, those claims are **DISMISSED WITHOUT LEAVE TO AMEND** under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court expresses no opinion as to whether Plaintiff can move to enforce the subpoena in the appropriate state court.

In addition, Plaintiff's federal causes of action are **DISMISSED WITHOUT LEAVE TO AMEND** under 28 U.S.C. § 1915(e)(2)(B)(ii) because they do not state a claim, and the Court finds amendment would be futile. Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Those claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter a judgment of dismissal and close the case.

**IT IS SO ORDERED.**

**DATED: July 9, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2049